IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX ROSSITTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC., a Delaware Corporation; VICTOR ROSSI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. C 12-5857-MEJ**<br><br>**PLAINTIFF'S LETTER PURSUANT TO FRCP RULE 6, REGARDING ENLARGEMENT OF DISCOVERY CUT-OFF** |




Counsel's request for an enlargement of the discovery cut-off from August 6, 2013 to August 20, 2013 is GRANTED. Counsel is admonished by the Court that, in the future, he should be mindful of all Court deadlines.
DATED: July 15, 2013

# Law Offices of Peter Goldstone

July 13, 2012

Magistrate Judge Maria-Elena James
United States District Court
Northern District of California
San Francisco, Courtroom B, 15th Floor
450 Golden Gate Avenue
San Francisco, California 94012

Re: *Rossitto v. Safeway, Inc., et al.*
Case No. C 12-5857-MEJ

Dear Magistrate Judge James:

My office represents Plaintiff, Max Rositto, in the above captioned matter. By this letter, we write Pursuant to FRCP, Rule 6(b)(1)(A) to seek a two-week enlargement of the Discovery Cut-Off Date, from August 6, 2013 to August 20, 2013. As set forth below, due to attorney error and (what we hope the Court will see as excusable) neglect, we served our written discovery requests three days too late (on July 10, 2013) and with a discovery cut-off of August 6, they should have been served by no later than by August 7, 2013 to allow 30 days to respond. As set forth below, and evidenced by attachments, we have made every effort to resolve this informally, but to no avail. Accordingly, we write you this letter in the hope that you will see fit to grant a two-week enlargement of the discovery cut-off.

Pursuant to the Case Management Order, dated February 8, 2013, all discovery, including depositions, is to be finished by August 6, 2013. I fully understand that this is a binding, clear order of the Court, and the Order is very clear on its face that any enlargement of that time will only be enforceable if ordered by the Court, pursuant to FRC 16(b) and Civil Local Rule 26-2.

My offices timely drafted written discovery requests (requests for production of documents and interrogatories) to Defendant, Safeway; nevertheless, during the first day of a jury trial in Sonoma County (ongoing at this time—SCV 251584); I was informed by my office (by email) that we had not timely served our discovery. Upon return to the office, I drafted an email to opposing counsel, explaining our oversight, and setting forth the reasons I believed this had happened, and seeking a stipulation to a two-week extension on the discovery cut-offs. [1] I explained that my very small law firm (me, one associate attorney, one paralegal and one file clerk) had experienced an extremely difficult last couple of months: my paralegal, Torah Nelson developed a medical problem and was out of the office for nearly the entire month of June. My

[1] Attached hereto find copies of the string of email correspondence between Peter Goldstone and Safeway Counsel, Stephen Rowell, concerning this issue.

703 Second Street, Suite 310
Santa Rosa, CA 95404

Ph: (707) 237-5991
Fx: (707) 237-6070

associate, Sarah Lewers also developed health problems and was absent for two weeks during this period. This coincided with the preparation of a jury trial, which began last week and is still underway as I write this letter. Additionally, I had some memory of the Joint Case Management Statement that we had filed on February 7, 2013, in which (at page 16) Plaintiff and Defendant stipulate to a discovery cut-off date of September 2, 2013. Of course, none of this has any bearing on the binding force of the Court Order, and I accept full responsibility for the oversight.

In response to my email to attorney Rowell, on the morning of Wednesday, July 9, 2013, I received a terse, one word response to my request to stipulate to a two-week extension of the discovery cut-off. The response was one word, followed by a period: "No." (See attached email string.)

I saw Mr. Rowell, later that day at a deposition (right after six hours of voir dire, jury selection, and opening statements) and following the deposition, I again explained our need for an extension, and asked him to reconsider. Our discovery requests had been served by overnight mail and email, and the responses would be due on August 12, 2013 (a Saturday, so on Monday, August 14.) This is eight days after the discovery cut-off. We also hoped to set depositions for the days immediately following our receipt of discovery responses, and so we asked Safeway to stipulate to a two-week extension, to September 20, 2013. I told Mr. Rowell that we could be flexible with this, but, alas, on July 11, 2013, Mr. Rowell wrote back: "Nothing personal, but the answer is still 'no'." (See attached email string.)

At this point, we are in something of a conundrum. While strictly speaking, Safeway may be under no obligation to respond to our written discovery, our inability to receive and review responses is likely to severely prejudice my client, Mr. Rossitto. This is in no manner Mr. Rossito's fault, and it would seem highly unfair for him to suffer the consequences of his attorney's error.

The time for Safeway to perform expires on August 6, 2013, so it is my understanding that the Court may act ex parte and grant this relief pursuant to FRCP 6(b)(1)(A). On the other hand, Plaintiff acted (served its requests) too late to compel responses by August 6, 2013. This was due to Plaintiffs attorneys' neglect and we pray that the court deem this neglect excusable, pursuant to an analysis such as that set forth in *Pioneer Investment Services Co. v. Brunswisck Assoc. Ltd. Partnership*, 507 US 380, 392 (1993).

I freely admit that, ultimately, this delay is my fault. I am terribly sorry for the delay; however I do not believe that the eight-day enlargement I seek will in any significant manner prejudice Safeway in this case. At any rate, any prejudice to Safeway would be deminimus, compared to the effect on Mr. Rossito. While Defendant, Safeway will likely argue in response to this request that it will suffer prejudice if the discovery cut-off is enlarged, "delay in and of itself does not constitute prejudice." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d.1, 15 (2003). (While *KPS* addresses prejudice in the context of a Rule 55(c) motion to set aside a

default, the analysis is directly analogous.) Plaintiff is (and has informed Safeway that it is) willing to extend reciprocal, or necessary/convenient extensions resulting from the delay to Defendant; in this way, any threatened, actual or perceived prejudice incurred through an enlargement of the discovery cut-off time could be eliminated.

Once again, while we would have vastly preferred to offer a joint letter or a stipulation, as is clear from the email correspondence attached to this letter, our attempts to meet and confer and cooperatively resolve this issue were refused. Accordingly, by this letter, Plaintiff respectfully asks that the Court enter an order granting an enlargement of the discovery cut-off by two-weeks in this matter, from August 6, 2013 to August 20, 2013. Or, in the alternative, I ask that the Court instruct me to file a motion to enlarge, and I will promptly do so.

Sincerely,

PETER GOLDSTONE
Attorney for Plaintiff, MAX ROSSITTO

cc.: Steve Rowell, Attorney for Safeway, via email

Attachment

# ATTACHMENT TO GOLDSTONE LETTER

## EMAIL CORRESPONDENCE

| | Email | Date | Time |
|---|---|---|---|
| 1. | Email from Peter Goldstone to Steve Rowell | 07/09/2013 | 8:20 PM |
| 2. | Email from Steve Rowell to Peter Goldstone | 07/10/2013 | 9:53 PM |
| 3. | Email from Peter Goldstone to Steve Rowell | 07/10/2013 | 12:24 PM |
| 4. | Email from Sarah Lewers to Steve Rowell | 07/11/2013 | 1:45 PM |
| 5. | Email from Steve Rowell to Sarah Lewers | 07/11/2013 | 2:29 PM |

**Peter Goldstone**

**From:** Peter Goldstone
**Sent:** Tuesday, July 09, 2013 8:20 PM
**To:** 'Steve Rowell'
**Cc:** Torah Nelson; Peter Goldstone; Sarah Lewers
**Subject:** RE: Rossitto v. Safeway Written Discovery: Request for Stipulation

**Importance:** High

I have just been informed that our discovery requests were not timely served. Following my conversation with you (a month ago) concerning my having prepared too many special interrogatories, I edited them down to a number consistent with FRCP 33. However, the last month has seen some upheaval in my office, including the illness and absence of my paralegal, Torah Nelson, for weeks--Torah is responsible for calendaring in this office. Moreover, my associate, Sarah Lewers, who has been working on this case also took ill and was absent from the office for a couple of weeks in June. Result: I have apparently blown the deadline for service of discovery requests, if you are to respond before the discovery cutoff date of August 6, 2013.

We have a set of 25 Interrogatories and a set of 15 Requests for Production of Documents and Things. I would like to serve them tomorrow by overnight Fedex which will get them to you on July 11, 2013. With 30 days to answer, that would make your responses due on August 10, 2013. The discovery cutoff is, as I assume you know (pursuant to the Case Management Order of February 8, 2013), August 6, 2013.

We would also like to set set the depositions of Victor Rossi, Brian McFadden, William Pierce, Janese McCrea, and Safeway's PMK regarding the Safeway Corporation's decision to terminate Max Rossitto. While these depositions could be noticed with only 10-days' notice, and would be timely pursuant to FRCP 30(v)(1), it will obviously be much more productive to depose these employees following receipt of response to written discovery.

I accept full fault and responsibility for this oversight. I am asking a lot, I know. However, it would be unfair for my client to suffer this sort of prejudice to having his case heard on the merits just because his attorney and his office lost track of time for a few days. As a weak defense, you will note that the parties (through you and me) stipulated to a discovery cut-off of September 2, 2013 in our Joint Case Management Statement, filed on February 2, 2013.

Be that as it may, I am asking you to stipulate to an extension of 14 days on the discovery cut-off and on the date for discovery disputes. Of course this is intended to be reciprocal and I would be glad to offer further accomodations you may need to insure that both parties are able to adequately and fully perform their discovery.
It is my understanding that, pursuant to FRCP Rule 29, any stipulations we make concerning extensions of discovery cut-offs require court approval. Accordingly, I ask that you stipulate to set the discovery cut-off date from August 6, 2013 to August 20, 2013, with discovery disputes to be heard by no later than September 6, 2013.

Your responses to our written requests, served tomorrow by overnight mail (FEDEX) would be due on August 10, 2013 (Saturday, so on Aug 12) and we could take those depositions on August 14, 15 and/or 16.

I understand that I am asking for quite a bit here. I also know that Pursuant to Rule 16(b) and Civil Local Rule 26-2, I will need to make a showing of good cause and the Court would need to enter an order. Thus far, we have cooperated fully with one another. I am truly embarassed that this happened, and that the only real excuse I have is my own neglect--ultimately, it is not the fault of my staff, it rests firmly on me. If you are willing to so stipulate, I will prepare a stipulation to file with the Court and seek the good will of the Court on an order extending discovery.

In light of this situation, I ask that you promptly respond to this email and copy my assitant, Torah Nelson, and associat attorney, Sarah Lewers on your response. Unfortunately, and further complicating matters, I am in the middle of a jury trial in State Court, so I only have sporadic access to the internet.

Thanks,

Peter Goldstone

Law Offices of Peter Goldstone
703 Second Street, Suite 310
Santa Rosa, California 95404

Voice: 707-237-5991
Fax: 707-237-6070

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted above) and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation.

INTENTIONALLY BLANK PAGE

**Peter Goldstone**

**From:** Stephen Rowell <Stephen.Rowell@safeway.com>
**Sent:** Wednesday, July 10, 2013 9:53 AM
**To:** Peter Goldstone
**Cc:** 'IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=TORAH@fwd6.exghost.com'; 'IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=PETER@fwd6.exghost.com'; 'IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=SLEWERS@fwd6.exghost.com'
**Subject:** Re: Rossitto v. Safeway Written Discovery: Request for Stipulation

No.

---

**From**: Peter Goldstone [mailto:peter@goldstonelaw.com]
**Sent**: Tuesday, July 09, 2013 09:20 PM
**To**: Stephen Rowell
**Cc**: Torah Nelson <IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=TORAH@fwd6.exghost.com>; Peter Goldstone <IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=PETER@fwd6.exghost.com>; Sarah Lewers <IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=SLEWERS@fwd6.exghost.com>
**Subject**: RE: Rossitto v. Safeway Written Discovery: Request for Stipulation

I have just been informed that our discovery requests were not timely served. Following my conversation with you (a month ago) concerning my having prepared too many special interrogatories, I edited them down to a number consistent with FRCP 33. However, the last month has seen some upheaval in my office, including the illness and absence of my paralegal, Torah Nelson, for weeks--Torah is responsible for calendaring in this office. Moreover, my associate, Sarah Lewers, who has been working on this case also took ill and was absent from the office for a couple of weeks in June. Result: I have apparently blown the deadline for service of discovery requests, if you are to respond before the discovery cutoff date of August 6, 2013.

We have a set of 25 Interrogatories and a set of 15 Requests for Production of Documents and Things. I would like to serve them tomorrow by overnight Fedex which will get them to you on July 11, 2013. With 30 days to answer, that would make your responses due on August 10, 2013. The discovery cutoff is, as I assume you know (pursuant to the Case Management Order of February 8, 2013), August 6, 2013.

We would also like to set set the depositions of Victor Rossi, Brian McFadden, William Pierce, Janese McCrea, and Safeway's PMK regarding the Safeway Corporation's decision to terminate Max Rossitto. While these depositions could be noticed with only 10-days' notice, and would be timely pursuant to FRCP 30(v)(1), it will obviously be much more productive to depose these employees following receipt of response to written discovery.

I accept full fault and responsibility for this oversight. I am asking a lot, I know. However, it would be unfair for my client to suffer this sort of prejudice to having his case heard on the merits just because his attorney and his office lost track of time for a few days. As a weak defense, you will note that the parties (through you and me) stipulated to a discovery cut-off of September 2, 2013 in our Joint Case Management Statement, filed on February 2, 2013.

Be that as it may, I am asking you to stipulate to an extension of 14 days on the discovery cut-off and on the date for discovery disputes. Of course this is intended to be reciprocal and I would be glad to offer further accomodations you may need to insure that both parties are able to adequately and fully perform their discovery.

It is my understanding that, pursuant to FRCP Rule 29, any stipulations we make concerning extensions of discovery cut-offs require court approval. Accordingly, I ask that you stipulate to set the discovery cut-off date from August 6, 2013 to August 20, 2013, with discovery disputes to be heard by no later than September 6, 2013.

Your responses to our written requests, served tomorrow by overnight mail (FEDEX) would be due on August 10, 2013 (Saturday, so on Aug 12) and we could take those depositions on August 14, 15 and/or 16.

I understand that I am asking for quite a bit here. I also know that Pursuant to Rule 16(b) and Civil Local Rule 26-2, I will need to make a showing of good cause and the Court would need to enter an order. Thus far, we have cooperated fully with one another. I am truly embarassed that this happened, and that the only real excuse I have is my own neglect--ultimately, it is not the fault of my staff, it rests firmly on me. If you are willing to so stipulate, I will prepare a stipulation to file with the Court and seek the good will of the Court on an order extending discovery.

In light of this situation, I ask that you promptly respond to this email and copy my assitant, Torah Nelson, and associat attorney, Sarah Lewers on your response. Unfortunately, and further complicating matters, I am in the middle of a jury trial in State Court, so I only have sporadic access to the internet.

Thanks,

Peter Goldstone

Law Offices of Peter Goldstone
703 Second Street, Suite 310
Santa Rosa, California 95404

Voice: 707-237-5991
Fax: 707-237-6070

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted above) and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation.

"Email Firewall" made the following annotations.

---------------------------------------------------------------------------

Warning: All e-mail sent to this address will be received by the corporate e-mail system, and is subject to archival and review by someone other than the recipient. This e-mail may contain proprietary information and is intended only for the use of the intended recipient(s). If the reader of this message is not the intended recipient(s), you are notified that you have received this message in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately.

===========================================================================

INTENTIONALLY BLANK PAGE

**Peter Goldstone**

**From:** Peter Goldstone
**Sent:** Wednesday, July 10, 2013 12:24 PM
**To:** Stephen Rowell
**Subject:** Re: Rossitto v. Safeway Written Discovery: Request for Stipulation

Thanks for your prompt response. Obviously I am unhappy with this. I ask that we speak by phone at 3:00 this afternoon. I am in a jury trial and quite tied up.

Thanks,

Sent from my iPad

On Jul 10, 2013, at 9:52 AM, "Stephen Rowell" <Stephen.Rowell@safeway.com> wrote:

> No.
>
> ---
>
> **From:** Peter Goldstone [mailto:peter@goldstonelaw.com]
> **Sent:** Tuesday, July 09, 2013 09:20 PM
> **To:** Stephen Rowell
> **Cc:** Torah Nelson <IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=TORAH@fwd6.exghost.com>; Peter Goldstone <IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=PETER@fwd6.exghost.com>; Sarah Lewers <IMCEAEX-_O=GOLDSTONELAW_OU=FIRST+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=SLEWERS@fwd6.exghost.com>
> **Subject:** RE: Rossitto v. Safeway Written Discovery: Request for Stipulation
>
> I have just been informed that our discovery requests were not timely served. Following my conversation with you (a month ago) concerning my having prepared too many special interrogatories, I edited them down to a number consistent with FRCP 33. However, the last month has seen some upheaval in my office, including the illness and absence of my paralegal, Torah Nelson, for weeks--Torah is responsible for calendaring in this office. Moreover, my associate, Sarah Lewers, who has been working on this case also took ill and was absent from the office for a couple of weeks in June. Result: I have apparently blown the deadline for service of discovery requests, if you are to respond before the discovery cutoff date of August 6, 2013.
>
> We have a set of 25 Interrogatories and a set of 15 Requests for Production of Documents and Things. I would like to serve them tomorrow by overnight Fedex which will get them to you on July 11, 2013. With 30 days to answer, that would make your responses due on August 10, 2013. The discovery cutoff is, as I assume you know (pursuant to the Case Management Order of February 8, 2013), August 6, 2013.
>
> We would also like to set set the depositions of Victor Rossi, Brian McFadden, William Pierce, Janese McCrea, and Safeway's PMK regarding the Safeway Corporation's decision to terminate Max Rossitto. While these depositions could be noticed with only 10-days' notice, and would be timely pursuant to FRCP 30(v)(1), it will obviously be much more productive to depose these employees following receipt of response to written discovery.

I accept full fault and responsibility for this oversight. I am asking a lot, I know. However, it would be unfair for my client to suffer this sort of prejudice to having his case heard on the merits just because his attorney and his office lost track of time for a few days. As a weak defense, you will note that the parties (through you and me) stipulated to a discovery cut-off of September 2, 2013 in our Joint Case Management Statement, filed on February 2, 2013.

Be that as it may, I am asking you to stipulate to an extension of 14 days on the discovery cut-off and on the date for discovery disputes. Of course this is intended to be reciprocal and I would be glad to offer further accomodations you may need to insure that both parties are able to adequately and fully perform their discovery.
It is my understanding that, pursuant to FRCP Rule 29, any stipulations we make concerning extensions of discovery cut-offs require court approval. Accordingly, I ask that you stipulate to set the discovery cut-off date from August 6, 2013 to August 20, 2013, with discovery disputes to be heard by no later than September 6, 2013.

Your responses to our written requests, served tomorrow by overnight mail (FEDEX) would be due on August 10, 2013 (Saturday, so on Aug 12) and we could take those depositions on August 14, 15 and/or 16.

I understand that I am asking for quite a bit here. I also know that Pursuant to Rule 16(b) and Civil Local Rule 26-2, I will need to make a showing of good cause and the Court would need to enter an order. Thus far, we have cooperated fully with one another. I am truly embarassed that this happened, and that the only real excuse I have is my own neglect--ultimately, it is not the fault of my staff, it rests firmly on me. If you are willing to so stipulate, I will prepare a stipulation to file with the Court and seek the good will of the Court on an order extending discovery.

In light of this situation, I ask that you promptly respond to this email and copy my assitant, Torah Nelson, and associat attorney, Sarah Lewers on your response. Unfortunately, and further complicating matters, I am in the middle of a jury trial in State Court, so I only have sporadic access to the internet.

Thanks,

Peter Goldstone

Law Offices of Peter Goldstone
703 Second Street, Suite 310
Santa Rosa, California 95404

Voice: 707-237-5991
Fax: 707-237-6070

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted above) and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation.

"Email Firewall" made the following annotations.

---------------------------------------------------------------------------

-

Warning: All e-mail sent to this address will be received by the corporate e-mail system, and is subject to archival and review by someone other than the recipient. This e-mail may contain proprietary information and is intended only for the use of the intended recipient(s). If the reader of this message is not the intended recipient(s), you are notified that you have received this message in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately.

===========================================================================

=

INTENTIONALLY BLANK PAGE

**Peter Goldstone**

**From:** Sarah Lewers
**Sent:** Thursday, July 11, 2013 1:45 PM
**To:** Stephen Rowell
**Cc:** Peter Goldstone; Torah Nelson
**Subject:** Rossitto v. Safeway, Inc.; stipulation to extend discovery deadlines

Mr. Rowell,

Have you had an opportunity to consider stipulating to a short extension of the discovery deadlines so that Plaintiff may complete his discovery? I know you and Mr. Goldstone spoke about it yesterday and you said you would think about it on your drive back to Pleasanton. We anticipate that we would take any necessary depositions within two days of your providing us with Safeway's responses to Mr. Rossitto's discovery requests, if that has any bearing on your decision. I want to underscore that we are not requesting any dramatic extension, just a couple of days. It would be much appreciated and, of course, we will happily reciprocate moving forward, should you require any extension in the future.

Please let us know what you have decided.

Thank you,

Sarah Lewers

**CONFIDENTIALITY NOTICE:** The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Sarah Lewers, Associate Attorney
Law Offices of Peter Goldstone
703 Second Street, Suite 411
Santa Rosa, CA 95404
Ph: (707) 237-5991
Fx: (707) 237-6070
Email: sarah@goldstonelaw.com

INTENTIONALLY BLANK PAGE

**Peter Goldstone**

**From:** Stephen Rowell <Stephen.Rowell@safeway.com>
**Sent:** Thursday, July 11, 2013 2:29 PM
**To:** Sarah Lewers
**Cc:** Peter Goldstone; Torah Nelson
**Subject:** RE: Rossitto v. Safeway, Inc.; stipulation to extend discovery deadlines

Nothing personal, but the answer is still "no".

---

**From:** Sarah Lewers [mailto:slewers@goldstonelaw.com]
**Sent:** Thursday, July 11, 2013 1:45 PM
**To:** Stephen Rowell
**Cc:** Peter Goldstone; Torah Nelson
**Subject:** Rossitto v. Safeway, Inc.; stipulation to extend discovery deadlines

Mr. Rowell,

Have you had an opportunity to consider stipulating to a short extension of the discovery deadlines so that Plaintiff may complete his discovery? I know you and Mr. Goldstone spoke about it yesterday and you said you would think about it on your drive back to Pleasanton. We anticipate that we would take any necessary depositions within two days of your providing us with Safeway's responses to Mr. Rossitto's discovery requests, if that has any bearing on your decision. I want to underscore that we are not requesting any dramatic extension, just a couple of days. It would be much appreciated and, of course, we will happily reciprocate moving forward, should you require any extension in the future.

Please let us know what you have decided.

Thank you,

Sarah Lewers

**CONFIDENTIALITY NOTICE:** The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Sarah Lewers, Associate Attorney
Law Offices of Peter Goldstone
703 Second Street, Suite 411
Santa Rosa, CA 95404
Ph: (707) 237-5991
Fx: (707) 237-6070
Email: sarah@goldstonelaw.com

"Email Firewall" made the following annotations.

---

Warning: All e-mail sent to this address will be received by the corporate e-mail system, and is subject to archival and review by someone other than the recipient. This e-mail may contain proprietary information and is intended only for the use of the intended recipient(s). If the reader of this message is not the intended recipient(s), you are notified that you have received this message in error and that any review, dissemination,

distribution or copying of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately.

==========================================================================